UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

|  |  |
|---|---|
| KENNETH PIRES, JAMES DUSZA, JOHN SPRINGER, III, THOMAS ALLEN, KENNETH DASSO, FELIX COLON, JR., THOMAS PERLA, ALEJANDRA TORRES-ORTIZ and WILLIAM LYONS,<br>          Plaintiffs,<br><br>     v.<br><br>TOWN OF WEST SPRINGFIELD, and WEST SPRINGFIELD POLICE DEPARTMENT,<br>          Defendants. | Civil Action No. _____ |

## **COMPLAINT and JURY DEMAND**

### **INTRODUCTION**

1.  Employers subject to the Fair Labor Standards Act ("FLSA") and Massachusetts Wage Act must ensure that employees timely receive all wages owed, including overtime wages for hours worked in excess of forty (40) per week. Employers cannot avoid their obligations to pay overtime through special contract with another organization. The Plaintiffs, Ken Pires, ("Pires"), James Dusza ("Dusza"), John Springer, III ("Springer"), Thomas Allen ("T.Allen"), Kenneth Dasso ("Dasso"), Felix Colon, Jr. ("Colon"), Thomas Perla ("Perla"), Alejandro Torres-Ortiz ("Torres-Ortiz") and William Lyons ("Lyons"), (collectively, "Plaintiffs") bring this complaint against Defendants, the Town of West Springfield, ("West Springfield") and West Springfield Police Department ("WSPD") (collectively "Defendants"), to recover unpaid wages owed them pursuant to the Fair Labor Standards Act ("FLSA") and Massachusetts General Laws chapter 149 sections 33B and 33C ("M.G.L. c. 149 §§ 33B-33C"), and for Defendants' failure to pay such wages timely under Massachusetts General Laws

chapter 149 sections 148 and 150 ("M.G.L. c. 149 §§ 148, 150").  *See, Lambirth v. Advanced Auto, Inc* 140 F.Supp.3d 108 (2015).  At all times relevant, Plaintiffs worked for West Springfield and WSPD under the title of "Special Police Officer".  As Special Police Officers, Plaintiffs were expected to work periodically throughout the year including at special events such as the Big E.  Reserve Police Officers are issued WSPD uniforms and badges, carry firearms, have the power to arrest criminal suspects, and perform duties similar or identical to other municipal law enforcement officers.  However, from 2016 through the present, Plaintiffs were not compensated for the hours worked in excess of forty per week for hours spent working at the Big E.  This lawsuit seeks to compel Defendants to obey the law and compensate Plaintiffs for the hours that they are due under law and to ensure future compliance.  Plaintiffs also seek liquidated damages, costs and attorney's fees.

## PARTIES

2. Plaintiff, Kenneth Pires is a resident of Agawam, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

3. Plaintiff, James Dusza is a resident of Farmington, Hartford County, Connecticut who works for Defendants as a Special Police Officer.

4. Plaintiff, John Springer, III is a resident of Westfield, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

5. Plaintiff, Thomas Allen is a resident of Springfield, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

6. Plaintiff, Kenneth Dasso is a resident of Westfield, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

7. Plaintiff, Felix Colon, Jr. is a resident of Springfield, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

8. Plaintiff, Thomas Perla is a resident of Springfield, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

9. Plaintiff, Alejandra Torres-Ortiz is a resident of Chicopee, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

10. Plaintiff, William Lyons is a resident of West Springfield, Hampden County, Massachusetts who works for Defendants as a Special Police Officer.

11. Defendant, the Town of West Springfield is a municipality which has its main offices located at 26 Central Street, West Springfield, Hampden County, Massachusetts 01089.

12. Defendant, West Springfield Police Department is an official department and agency of the Town of West Springfield, with its main offices located at 26 Central Street, West Springfield, Hampden County, Massachusetts 01089.

## JURISDICTION AND VENUE

13. This Court has Jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

15. Defendants employ Plaintiffs as Special Police Officers and compensate them at a rate of $21.00/hour.

16. Defendants employ Plaintiffs to perform law enforcement work on an as-needed basis and for scheduled special events.

17. From September 2016 through the present, Defendants employed Plaintiffs, and others, to provide law enforcements duties at the Big E.

18. While working at the Big E, Plaintiffs wore their WSPD issued uniforms and badges, carried firearms, possessed arrest powers, had access and use of WSPD cruisers and took direction from WSPD dispatchers.

19. Despite this, Plaintiffs did not receive compensation for their time spent working at the Big E from Defendants.

20. Instead, Defendants delegated to the Big E, its obligation to pay Plaintiffs, and other Special Police Officers, for time spent working at the Big E.

21. Plaintiffs received paychecks from the Big E for their time spent working as WSPD police officers while at the Big E.

22. Big E did not pay Plaintiffs, or other Special Police Officers, overtime compensation for any of the hours worked over forty per week claiming exemption under state and federal overtime statutes.

23. Other West Springfield employees who worked on site at the Big E, including dispatchers, received overtime wages from Defendants for hours worked in excess of forty per week.

24. As employees of Defendants, Plaintiffs should have been paid for all wages, including overtime wages, for all work performed in their capacity as WSPD Special Police Officers, including time spent working at the Big E.

25. From September 2016 through October 2018, Plaintiffs each worked substantial overtime hours at the Big E for which they were not paid at one- and one-half times their regular hourly rate.

26. Defendants were previously notified of their obligation to pay Special Police Officers overtime wages for time spent working at the Big E but failed to take corrective action to ensure compliance with the law.

27. On March 20, 2019, the Fair Labor Division of the Massachusetts Office of the Attorney General authorized Ken Pires, James Dusza, John Springer, Thomas Allen and Kenneth Dasso to pursue a private civil lawsuit against Defendants (see Exhibit A).

28. On March 25, 2019, the Fair Labor Division of the Massachusetts Office of the Attorney General authorized Thomas Perla, Alejandra Torres-Ortiz and William Lyons to pursue a pursue a private civil lawsuit against Defendants (see Exhibit B).

## COUNT I:
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")
## 29 U.S.C. §§ 207(a)(1), 216(b)
## vs. WEST SPRINGFIELD POLICE DEPARTMENT

29. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as if set forth here in full.

30. Plaintiffs bring this count under the FLSA, arising out of West Springfield's failure to pay them overtime wages for the period of September 2016, through October 2018.

31. West Springfield is an employer within the meaning of 29 U.S.C. § 203(d) and is the authorized entity responsible for the organization, provision, administration and operation of law enforcement within its jurisdiction.

32. WSPD is an employer within the meaning of 29 U.S.C. § 203(d) and is an official department and agency of the Town of West Springfield, government sanctioned and established to provide West Springfield's law enforcement.

33. The Fair Labor Standards Act, 29 U.S.C. § 207, provides that employers who employ employees for a workweek in excess of forty hours shall compensate those employees for all hours worked in excess of forty hours per week at the rate of one and one-half times their regular hourly rate.

34. Defendants employed Plaintiffs to work in excess of forty hours per week but failed to compensate them for the hours worked in excess of forty per week at rate of one- and one-half times their hourly rate.

35. Each Plaintiff is owed overtime wages for the relevant time period in amounts that will be determined by paystubs issued from Big E for the relevant time period.

36. Defendants' failure to pay one and one-half times Plaintiffs' hourly rate of pay for all hours over 40 per week violates the FLSA.

37. Defendants' violations as described above were willful because they were aware of their obligation to pay Special Police Officers for overtime wages but sought to end-run their obligation through special contract with the Big E.

38. Wherefore, Plaintiffs are entitled to recover damages including unpaid overtime wages, liquidated damages, interest, costs and reasonable attorney's fees.
29 U.S.C. §§ 201 *et seq.*, 29 U.S.C. §§ 207(a)(1) and 216(b)

## COUNT II:
## FAILURE TO PAY TIMELY WAGES IN VIOLATION OF THE WAGE ACT
## M.G.L. c. 149 §§ 148, 150
## vs. WEST SPRINGFIELD POLICE DEPARTMENT

39. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as if set forth here in full.

40. Defendants failed to pay Plaintiffs wages in their entirety within the time frame as set forth in M.G.L. c. 149, §§ 148, 150.

41. Wherefore, Plaintiffs are entitled to recover three times the amount of their unpaid wages plus interest, costs and reasonable attorney's fees. M.G.L. c. 149, § 150.

**COUNT III:**
**VIOLATION OF THE FIVE-DAY AND FORTY-HOUR WEEK FOR CITIES AND TOWNS, EMERGENCIES, OVERTIME, REDUCTION OF COMPENSATION; EIGHT-HOUR DAY FOR CITIES AND TOWNS**
**M.G.L. c. 149 §§ 33B and 33C**
**vs. WEST SPRINGFIELD POLICE DEPARTMENT**

42. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as if set forth here in full.

43. Defendants' failure to adhere to the established standard of a five-day and forty-hour work week, and an eight-hour work day, and their reduction of overtime pay to Plaintiffs violates M.G.L. c. 149 §§ 33B and 33C.

44. Wherefore Plaintiffs seek declaratory judgment concerning their entitlement to overtime wages.

45. Wherefore, Plaintiffs are entitled to recover damages.

**COUNT IV:**
**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**
**29 U.S.C. §§ 207(a)(1), 216(b)**
**vs. TOWN OF WEST SPRINGFIELD**

46. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as if set forth here in full.

47. Plaintiffs bring this count under the FLSA, arising out of West Springfield's failure to pay them overtime wages for the period of September 2016, through October 2018.

48. West Springfield is an employer within the meaning of 29 U.S.C. § 203(d) and is the authorized entity responsible for the organization, provision, administration and operation of law enforcement within its jurisdiction.

49. WSPD is an employer within the meaning of 29 U.S.C. § 203(d) and is an official department and agency of the Town of West Springfield government sanctioned and established to provide West Springfield's law enforcement.

50. The Fair Labor Standards Act, 29 U.S.C. § 207, provides that employers who employ employees for a workweek in excess of forty hours shall compensate those employees for all hours worked in excess of forty hours per week at the rate of one and one-half times their regular hourly rate.

51. Defendants employed Plaintiffs to work in excess of forty hours per week but failed to compensate them for the hours worked in excess of forty per week at rate of one- and one-half times their hourly rate.

52. Each Plaintiff is owed overtime wages for the relevant time period in amounts that will be determined by paystubs issued from Big E for the relevant time periods.

53. Defendants' failure to pay one and one-half times Plaintiffs' hourly rate of pay for all hours over 40 per week violates the FLSA.

54. Defendants' violations as described above were willful because they were aware of their obligation to pay Special Police Officers for overtime wages but sought to end-run their obligation through special contract with the Big E.

55. Wherefore, Plaintiffs are entitled to recover damages including unpaid overtime wages, liquidated damages, interest, costs and reasonable attorney's fees. 29 U.S.C. §§ 201 *et seq.*, 29 U.S.C. §§ 207(a)(1) and 216(b)

## COUNT V:
## FAILURE TO PAY TIMELY WAGES IN VIOLATION OF THE WAGE ACT
## M.G.L. c. 149 §§ 148, 150
## vs. TOWN OF WEST SPRINGFIELD

56. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as if set forth here in full.

57. Defendants failed to pay Plaintiffs wages in their entirety within the time frame as set forth in M.G.L. c. 149, §§ 148, 150.

58. Wherefore, Plaintiffs are entitled to recover three times the amount of their unpaid wages plus interest, costs and reasonable attorney's fees. M.G.L. c. 149, § 150.

**COUNT VI:**
**VIOLATION OF THE FIVE-DAY AND FORTY-HOUR WEEK FOR CITIES AND TOWNS, EMERGENCIES, OVERTIME, REDUCTION OF COMPENSATION; EIGHT-HOUR DAY FOR CITIES AND TOWNS**
**M.G.L. c. 149 §§ 33B and 33C**
**vs. TOWN OF WEST SPRINGFIELD**

59. Plaintiffs repeat and re-allege the allegations in the preceding paragraphs as if set forth here in full.

60. Defendants' failure to adhere to the established standard of a five-day and forty-hour work week, and an eight-hour work day, and their reduction of overtime pay to Plaintiffs violates M.G.L. c. 149 §§ 33B and 33C.

61. Wherefore Plaintiffs seek declaratory judgment concerning their entitlement to overtime wages.

62. Wherefore, Plaintiffs are entitled to recover damages.

## DEMAND FOR RELIEF

Wherefore, Plaintiffs request that this Court enter the following relief:

1. Restitution for all unpaid wages in the amount to which they are entitled,

2. Liquidated damages under the FLSA;

3. Statutory trebling of all damages for claims under M.G.L. c. 149 § 150;

4. Declaratory judgment regarding Plaintiffs' entitlement of overtime wages for hours spent working at the Big E.

5. Such pre-judgment and post-judgment interest as may be permissible by law;

6. The costs of this action, including reasonable attorney's fees; and

4. Any other relief to which they may be entitled.

## **JURY DEMANDED**

Plaintiffs request a trial by jury on all claims.

                                        The Plaintiffs,
KEN PIRES, JAMES DUSZA, JOHN SPRINGER, III, THOMAS ALLEN, KENNETH DASSO, FELIX COLON, JR., THOMAS PERLA, ALEJANDRA TORRES-ORTIZ, and WILLIAM LYONS

By their attorney,

Dated: March 29, 2019                    /s/ Raymond Dinsmore
Raymond Dinsmore (BBO # 667340)
60 Masonic Street, Suite E
Northampton, MA  01060
Ph: (413) 341-3639; Fx: (413)341-3640
Email: rdinsmore@dinsmorestark.com